IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| CARL RAY LYALL | ) | Case No. 11-70535 |
| RITA GALE LYALL | ) | |
|     Debtors. | ) | |
| _____ | ) | _____ |
| CARL RAY LYALL | ) | |
| RITA GALE LYALL | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. 11-07037 |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
|     Defendant. | ) | |

## MEMORANDUM DECISION

The matter before the Court concerns competing motions for summary judgment filed by the parties regarding Count Three of the Amended Complaint in which Plaintiffs seek a declaratory judgment that Rita Lyall is not a "responsible officer" under § 6672 of the Internal Revenue Code. For the reasons discussed below, the Court will deny the competing motions for summary judgment.

FINDINGS OF FACT

Debtors Carl and Rita Lyall filed a voluntary Chapter 13 petition on March 15, 2011. The United States, acting through its agency, the Internal Revenue Service ("IRS"), filed a proof of claim asserting that it has a secured claim and an unsecured claim against the Debtors for unpaid employment taxes, interest, and penalties. On August 8, 2011 Debtors initiated this adversary proceeding to determine the nature, extent, and validity of liens and to recover funds

for the benefit of creditors of the estate by filing the Complaint, naming the United States as Defendant.

Prior to filing bankruptcy, Carl Lyall owned and operated Lyall's Welding and Portable Line Boring, Inc., a Virginia Corporation (the "Corporation"). Rita Lyall worked part-time for the Corporation and for the Dickenson County School System. The Corporation failed to remit to the IRS withheld employment taxes for the taxable periods ending December 31, 2007 through June 30, 2009. On January 30, 2010 a delegate of the Secretary of the Treasury assessed a Trust Fund Recovery Penalty in the aggregate amount of $81,215.52 against both Carl and Rita Lyall under I.R.C. § 6672 for the Corporation's unpaid taxes.[1] In early 2011, the Debtors filed a joint income tax return and, as a result of the taxes withheld from Rita Lyall's income, claimed a tax refund of approximately $7,000. Subsequently, the IRS seized and setoff the Debtors' 2010 tax refund. On March 2, 2011, the IRS filed a tax lien in the Clerk's Office of the Circuit Court of Dickenson County.

Debtors filed an Amended Complaint on November 10, 2011 seeking (1) avoidance of the filing of Defendant's tax lien; (2) determination of the nature, extent, and validity of the tax lien; and (3) a declaratory judgment that Rita Lyall is not a responsible officer under I.R.C. § 6672. Defendant filed an Answer on December 8, 2011 and a hearing was held on this matter on July 31, 2012. At that hearing counsel for the parties advised the Court that they wished to file dispositive motions and the Court agreed for them to do so by September 21,

---

[1] The IRS filed an amended Proof of Claim in the case on September 4, 2011 in the total amount of $70,374.58, seeking payment of the Trust Fund Recovery Penalties assessed against the Debtors.

2012, by which date they also were to file any stipulation of facts. A scheduling order to that effect was entered two days later.

On September 21, 2012, although no stipulation of facts was filed, Plaintiff Rita Lyall and Defendant filed competing motions for summary judgment. Defendant submitted into evidence several exhibits, including reports from IRS telephone interviews with Carl and Rita Lyall and deposition testimony of Carl and Rita Lyall.[2] Plaintiff filed a Response to the United States' Motion for Summary Judgment and In Support of Plaintiff's Motion for Summary Judgment, arguing that Carl Lyall controlled the Corporation and that, although Rita Lyall signed checks, she had no authority over the Corporation's finances or general decision making and, therefore, is not a responsible person. Defendant also filed a Memorandum in Support and a Response to Plaintiff's Motion for Summary Judgment, arguing that there may be multiple responsible persons within a given corporation and that, in adjudicating responsibility, the focus is on whether the person had the authority to exert control, not on whether the person actually exercised control. Further, Defendant contends that Rita Lyall had authority over the company's finances, including payroll, reviewing financial statements, and the ability to determine the Corporation's financial policies, and that following orders of a superior officer is not a defense. On October 12, 2012 Plaintiff filed her Reply, stating that the Defendant has no first-hand evidence to establish that Plaintiff had more than a part-time administrative role in the Corporation and that Plaintiff's deposition testimony is sufficient to create a dispute as to a

---

[2] Because the Court perceives that there are material differences between the deposition testimony of Mr. and Mrs. Lyall and the responses or conclusions with respect to the telephone interviews reported in the IRS Report of Interview found at Exhibit # 104, and therefore that there are material facts in dispute, the Court will review these differences in the Conclusions of Law portion of this decision.

material fact in the case. As provided in the Scheduling Order, the Court is to issue a ruling on these motions based on the filings; any remaining issues will be set for trial. Thus, the parties' motions for summary judgment are ready for decision.

## CONCLUSIONS OF LAW

This Court has jurisdiction over this proceeding by virtue of 28 U.S.C. §§ 1334(a) and 157(a) and the delegation made to this Court by Order from the District Court on July 24, 1984 and Rule 3 of the Local Rules of the United States District Court for the Western District of Virginia. Determinations regarding the allowance and estimation of claims against the estate and determinations of the validity, extent or priority of liens are core proceedings pursuant to 28 U.S.C. § 157(b)(2)(B) and (K), respectively.

A party is entitled to summary judgment when there is no genuine issue as to any material fact. Fed. R. Civ. P. 56(c). In reviewing a motion for summary judgment, the non-moving party is entitled "to have the credibility of his evidence as forecast assumed, his version of all that is disputed accepted, and all internal conflicts in it resolved favorably to him; the most favorable of alternative inferences from it drawn on his behalf; and finally, to be given the benefit of all favorable legal theories invoked by the evidence so considered." *O'Connor v. United States*, 956 F.2d 48, 50 (4th Cir. 1992) (quoting *Charbonnages deFrance v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979)). This is true regardless of the fact that the burden of rebutting the IRS' assessment is on the Plaintiff at trial. *Id.*; *see also United States v. Pomponio*, 635 F.2d 293 (4th Cir. 1980) (holding that an assessment by the IRS is presumptively correct).

In order for a person to be held liable under § 6672, two requirements must be met:

> (1) the party assessed must be a person required to collect, truthfully account for, and pay over the tax, referred to as a "responsible person"; and (2) the responsible person must have willfully failed to insure that the withholding taxes were paid.

956 F.2d at 50 (citations omitted). The question of responsibility and willfulness is a factual one. *In re Bradford*, 35 B.R. 166, 169 (Bankr. W.D. Va. 1983) (citing *Teel v. United States*, 529 F.2d 903 (9th Cir. 1976); *Kalb v. United States*, 505 F.2d 506 (2d Cir. 1974)).

The term "responsible person" is "not limited to one person in a company but rather may include many persons connected with the same employer." *Plett v. United States*, 185 F.3d 216, 219 (4th Cir. 1999). In determining whether an individual is a "responsible person," the "crucial inquiry is whether the person had the 'effective power' to pay the taxes—that is, whether he had the actual authority or ability, in view of his status within the corporation, to pay the taxes owed." *Id.* (citing *Barnett v. I.R.S.*, 988 F.2d 1449, 1454 (5th Cir. 1993)). Several factors serve as indicia of the requisite authority, including whether the employee:

> (1) served as an officer of the company or as a member of its board of directors; (2) controlled the company's payroll; (3) determined which creditors to pay and when to pay them; (4) participated in the day-to-day management of the corporation; (5) possessed the power to write checks; and (6) had the ability to hire and fire employees.

*Id.* (citations omitted). When only a few factors are present, summary judgment is not appropriate. *See, e.g.*, *O'Connor*, 956 F.2d at 52 (reversing summary judgment against an individual who was an officer with check-signing authority but who did not participate in running the business); *Jean v. United States*, No. CIV.A. 00-11296-DPW, 2002 WL 31399129

(D. Mass. Oct. 23, 2002) (denying summary judgment against an individual with check-signing authority who was not an officer or director but was engaged in management of the day-to-day affairs of the company).

The parties do not dispute the fact that Rita Lyall was authorized to sign company checks even though they further agree that she was neither an officer nor a director of the Corporation and that she was not empowered to hire and fire its employees. These facts, however, are insufficient to determine whether Rita Lyall is a responsible person. The record is unclear as to the remaining factors due to conflict between the IRS report of a telephone interview with Mrs. Lyall ("IRS Report") and Mrs. Lyall's deposition testimony.

First, the record is unclear as to Factor 2, whether Rita Lyall controlled the Corporation's payroll. The Corporation used the services of an outside bookkeeping service to prepare its payroll, however, the IRS Report and Mrs. Lyall's testimony indicate she had the ability to authorize payroll and may have, on one or two occasions, assisted in calculating the payroll report that was faxed to the accountant. Lyall Dep. 18:22–19:10; Ex. 104, Sec. III.1.f, h. Rita Lyall also testified that she occasionally transferred funds from the business checking account to the payroll checking account at her husband's request, but that she did not ever determine the amount to transfer. Lyall Dep. 44:1–14. These facts indicate that Rita Lyall may have had some authority over or involvement in the Corporation's payroll but the extent of such authority remains unclear.

Similarly, the record is unclear with respect to whether Rita Lyall determined which creditors to pay and when to pay them. The IRS Report suggests that she may have played a role in determining which creditors to pay and when to pay them, as it indicates that she

assisted in determining the financial policy for the business and directed or authorized the payment of the company's obligations. Ex. 104, Sec. III.1.a, b. Mrs. Lyall testified, however, that she had no authority to pay bills without her husband's permission. Lyall Dep. 16:12–21. Due to the conflict in the record, it is unclear whether Rita Lyall had any authority to determine which creditors to pay and when to pay them or whether she paid bills only at her husband's request.

Third, the record is also unclear as to Factor 4, whether Rita Lyall participated in the day-to-day management of the Corporation. Several of Mrs. Lyall's responses contained in the IRS Report indicate that she may have participated in the day-to-day management of the Corporation. *See* Ex. 104, Sec. III.1. In contrast, Mrs. Lyall's deposition testimony suggests that her role was strictly administrative and that she did not participate in management of the Corporation. *See, e.g.*, Lyall Dep. 14:14–16:21.

Finally, other notable conflicts between Mrs. Lyall's IRS interview and deposition testimony exist. The IRS interview states that Rita Lyall assisted in preparing, reviewing, signing, and transmitting payroll tax returns. Ex. 104, Sec. III.1.h. It also indicates that Mrs. Lyall authorized or made Federal Tax Deposits. *Id.* Sec.III.1.g. Mrs. Lyall's testimony, however, states that she did not review tax returns and was only involved in paying taxes if Mr. Lyall was unavailable and asked her to sign the check and take it to the bank. Lyall Dep. 19:11–20:2. Further, Mrs. Lyall's deposition testimony is to the effect that she was never given a copy of the IRS Report prepared during or following her interview and disputes some of the critical answers or conclusions which it contains. *Id.* 24:2–5.

Because the evidence indicates that there are genuine issues of fact as to whether Rita Lyall in any material way controlled the company's payroll, determined which of its creditors to pay and when to pay them, and participated in its day-to-day management, in short, whether she actually possessed but failed to exercise power to compel the payment of the withholding taxes owing to the government, critical facts which need to be ascertained under the teaching of *Plett* and *Barnett* in determining whether Mrs. Lyall is a "responsible person" within the scope of § 6672 with respect to her husband's company, summary judgment is not appropriate. This conclusion is supported most significantly by the material differences between the account given by Rita Lyall in her deposition testimony about her participation in the company and the answers or conclusions recorded in Exhibit # 104, the IRS Report of Interview. Accordingly, this Court by a contemporaneous order will deny the competing motions for summary judgment.

This 31st day of October, 2012.

/s/ William F. Stone, Jr.

UNITED STATES BANKRUPTCY JUDGE